**FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| THE TECHNOLOGY DEVELOPMENT COMPANY, LTD., | CIVIL ACTION NO. 05-4282 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION**<br>**FILED: APRIL 20, 2007** |
| v. |  |
| MICHAEL ONISCHENKO, |  |
| Defendant. |  |

**COOPER, District Judge**

   **APPEARANCES**

   Stephen J. DeFeo and Donald K. Ludman
   Brown & Connery, LLP, Westmont, NJ
   Attorney for Plaintiff

   Frederick Lee Whitmer
   Thelen Reid Brown Raysman & Steiner LLP, Florham Park, NJ
   Attorney for Defendant

   This action is before the Court on remand from the Third Circuit Court of Appeals, following the appeal by Plaintiff, The Technology Development Company, Ltd. ("TTDC"), from this Court's order and judgment granting the motion by Defendant, Michael Onischenko, to dismiss the complaint on the ground of forum non conveniens. (Dkt. entry no. 12.)  The Third Circuit vacated this Court's order and judgment and remanded for reconsideration based on the existing record.  (Dkt. entry no. 19.)  For the reasons

stated herein, the Court will (1) deny TTDC's motion, and (2) reinstate the action.

## BACKGROUND

At the direction of the Third Circuit, the Court will only consider the evidence submitted in support of and opposition to the motion to dismiss. TTDC is a Bermuda corporation with a principal place of business as of the filing of the complaint in Moscow, Russia. (Dkt. entry no. 1, Compl., at ¶ 2.) TTDC is in the business of "identifying, developing, and commercializing technologies originating in Russia." (Id.) Michael DeShazo is the founder, president, and chairman of the Board of Directors of TTDC, as well as owner and part owner of several other companies. (Id. at ¶ 18; dkt. entry no. 5, Declaration of Michael Onischenko ("Onischenko Decl."), at ¶ 4.)

Onischenko served as legal counsel to TTDC from 1999 until 2005. Onischenko also served as Vice President and on the Board of Directors. (Compl., at ¶ 6.) On October 11, 2001, Onischenko entered into a Confidentiality and Non-Circumvention Agreement ("Agreement") with TTDC. (Id. at ¶ 8.) The Agreement's obligations are enforceable for up to five years after termination of the parties' relationship, and are governed by New York law. (Id. at ¶ 16.) Onischenko prepared approximately one hundred sixty similar agreements for TTDC employees and consultants, all of which specified the law of New York as

2

controlling the agreement. (Dkt. entry no. 10, DeShazo Supp. Decl., at ¶ 12.) However, Onischenko is a citizen of, and maintains a residence and office in, New Jersey. (Compl., at ¶ 3, dkt. entry no. 3, DeShazo Decl., at Exs. 1 & 7.)

TTDC began developing technologies relating to oral insulin and gene cell therapy in spring of 2002. (Compl., at ¶ 22.) Onischenko was one of the managers overseeing the project, and worked closely with Vladimir Sabetsky, a scientist hired by TTDC to work on the project. (Id. at ¶¶ 23-24.) Sabetsky entered into two agreements with TTDC, both prepared by Onischenko, concerning the assignment of proprietary rights to the technologies Sabetsky and TTDC planned to develop. (Id. at ¶ 19.) Sabetsky also signed a Confidentiality and Non-Circumvention Agreement containing the same terms and obligations as the Agreement between TTDC and Onischenko. (Id. at ¶ 20.) Sabetsky, pursuant to his agreement with TTDC, "assigned all of his right, title and interest in any and all 'Technologies' (as defined in the Agreement) to a Holding Company [] to be established by TTDC and Dr. Sabetsky." (Id. at ¶ 21.)

Onischenko resigned from TTDC, effective July 1, 2005, at the request of DeShazo and due to "his disagreement with Mr. DeShazo regarding ownership rights to a pharmaceutical delivery system." (Id. at ¶ 17; Dkt. entry no. 3, DeShazo Decl., Ex. 7.) TTDC alleges, inter alia, that after his resignation, Onischenko

3

removed from his office in Moscow all of TTDC's files and business documents that had been in his custody while at TTDC, including information and a presentation concerning the oral insulin technology project ("project") Onischenko and Sabetsky had been working on.  (Id. at ¶¶ 33, 42.)  TTDC also alleges that Onischenko has met or will meet with pharmaceutical companies concerning the project even though he has no rights to the technology or the authority to do so.  (Id. at ¶ 34.)

TTDC brought this action against Onischenko on September 1, 2005, alleging breach of contract, breach of fiduciary duty, tortious interference with contract and prospective economic advantage, conversion, and seeking a declaratory judgment and imposition of constructive trust.  (Dkt. entry no. 1, Compl.)  Onischenko moved to dismiss the action on the ground of forum non conveniens, and the Court heard oral argument on the motion on September 30, 2005.  (Dkt. entry nos. 7 & 11.)  The Court granted the motion, concluding that New Jersey was not an appropriate forum.  (Tr. of 9-30-05 Hearing, at 23.)  TTDC appealed, and the Third Circuit vacated the order and judgment, and remanded for reconsideration based on the existing record because this Court's "analysis failed to address adequately all of the necessary factors of the forum non conveniens test."  (Dkt. entry no. 19, at 2.)

4

**DISCUSSION**

I.  <u>**Forum Non Conveniens**</u> **Standard**

Under the doctrine of <u>forum non conveniens</u>, a district court may, in the exercise of sound discretion, dismiss a complaint "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241 (1981) (cites and quotes omitted). In deciding whether to dismiss for <u>forum non conveniens</u>, the court's "ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." <u>Koster</u>, 330 U.S. at 527. The doctrine, however, "must be sparingly applied, inasmuch as its application results in the dismissal of an action over which the court has jurisdiction and would ordinarily have a duty to resolve." <u>Am. Cyanamid Co. v. Picaso-Anstalt</u>, 741 F.Supp. 1150, 1155 (D.N.J. 1990). Thus, courts have narrower discretion to dismiss under the common-law doctrine of <u>forum non conveniens</u> than to transfer an action under 28 U.S.C. § 1404(a). <u>Wm. H. McGee & Co. v. United Arab Shipping Co.</u>, 6 F.Supp.2d 283, 288 n.5 (D.N.J. 1997); <u>see also</u> <u>Norwood v. Kirkpatrick</u>, 349 U.S. 29, 32 (1955).

5

The defendant bears the burden of persuasion concerning all elements in the forum non conveniens analysis. Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43-44 (3d Cir. 1988) ("Lacey I"); Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991) ("Lacey II"). The defendant initially must establish that an adequate alternative forum exists to hear the case. Lacey I, 862 F.2d at 44. The defendant, if satisfying that burden, must then demonstrate that the private and public interest factors weigh heavily in favor of dismissal. Id. "The defendant bears a heavy burden to satisfy both components of the analysis and must establish a strong preponderance in favor of dismissal." Burke v. Quartey, 969 F.Supp. 921, 929 (D.N.J. 1997).

**A.   Adequate Alternative Forum**

A determination of whether an adequate alternative forum exists is a threshold issue on a motion to dismiss for forum non conveniens. Piper Aircraft Co., 454 U.S. at 255 n.22; Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1226 (3d Cir. 1995) (same). "Two conditions must be satisfied to meet this adequacy requirement: (1) the defendant must be amenable to process in the alternative forum, and (2) the subject matter of the lawsuit must be cognizable in the alternative forum in order to provide the plaintiff appropriate redress." Kultur Int'l Films Ltd. v. Covent Garden Pioneer, FSP, Ltd., 860 F.Supp. 1055, 1063 (D.N.J. 1994).

6

Defendant bears the burden of establishing that he would be amenable to process in the foreign jurisdiction and that an adequate alternative forum exists. Lacey II, 932 F.2d at 180; Miller v. Boston Sci. Corp., 380 F.Supp.2d 443, 448 (D.N.J. 1995). "Where there is a legitimate dispute concerning the adequacy of the foreign remedy, a defendant must generally provide record evidence indicating that the plaintiff could obtain proper redress in the alternative forum." Miller, 380 F.Supp.2d at 449; see Bhatnagar, 52 F.3d at 1226 (holding that defendant failed to meet its burden of making a "threshold demonstration that an adequate alternative forum was available for this litigation" in India). A remedy is not inadequate merely because it is less favorable to the plaintiff than the remedy in the chosen forum. Piper Aircraft Co., 454 U.S. at 250. The "existence of an adequate remedy in the foreign forum is crucial, because an American Court cannot condition dismissal on the consent of the foreign court to provide plaintiff with an opportunity to obtain such redress." Miller, 380 F.Supp.2d at 449-50.

**B.  Deference to Plaintiff**

"Provided that an adequate alternative forum is available, the district court must address an additional threshold issue when the cause is brought by a foreigner – namely, the amount of weight that should be accorded to the plaintiff's decision to sue

7

in the United States." Bhatnagar, 52 F.3d at 1226. Generally, great deference is accorded a plaintiff's choice of forum. Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989). "The plaintiff's choice of forum should rarely be disturbed, unless the balance of factors is strongly in favor of the defendant." Lacey I, 862 F.2d at 43.

The amount of deference is less when the plaintiff is foreign. Lony, 886 F.2d at 633. However, "according less deference to a foreign plaintiff's forum choice is not an invitation to accord a foreign plaintiff's selection of an American forum no deference since dismissal for forum non conveniens is the exception rather than the rule." Id. (emphasis in original); Bhatnagar, 52 F.3d at 1226 n.4 (same). Thus, "a district court abuses its discretion in a forum non conveniens analysis when it fails to consider adequately and to determine the amount of deference due the foreign plaintiff's choice of forum." Lony, 886 F.2d at 632.

"Where a foreign plaintiff has made a strong showing of convenience," the Court "must indicate how far that showing goes towards putting the foreign plaintiff on the same footing as a domestic plaintiff." Id. at 633. Although "the deference evaluation cannot be done with mathematical precision, the district court must provide some reasoned indication of how much deference it is according to the particular foreign plaintiff's

8

decision to sue in the United States." Bhatnagar, 52 F.3d at 1226 n.4; Lacey II, 932 F.2d at 179 (noting that the Court is not required "to mark on a continuum the precise degree of deference it accords a plaintiff's choice"). "[T]he greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be for the defendant to gain dismissal for forum non conveniens." Iragorri v. United Tech. Corp., 274 F.3d 65, 72 (2d Cir. 2001).

    **C.**    **Private Interest Factors**

A court must consider any private interest factors that would strongly favor dismissing the complaint. The private interest factors to be considered in a forum non conveniens analysis include (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining willing witnesses; and (4) practical considerations that make trial of a case easy, expeditious, and inexpensive. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

In examining those factors, a court "must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the

9

plaintiff's cause of action and to any potential defenses to the action." Van Cauwenberghe v. Biard, 486 U.S. 517, 528 (1988). In resolving a motion to dismiss for forum non conveniens, however, a court "must do no more than delineate the likely contours of the case by ascertaining, among other things, the nature of the plaintiff's action, the existence of any potential defenses, and the essential sources of proof." Lacey II, 932 F.2d at 181.

### D.  **Public Interest Factors**

A court also must consider public interest factors that strongly favor dismissal. Public interest factors include (1) administrative difficulties flowing from court congestion; (2) the interest in having local disputes resolved at home; (3) the interest in having a case tried in the district that is familiar with the applicable law; (4) avoidance of unnecessary problems in conflicts of laws; and (5) the unfairness of imposing jury duty on a community with no relationship to the litigation. Gulf Oil, 330 U.S. at 508.

Evaluation of the pertinent public interest factors includes consideration of "the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." Van Cauwenberghe, 486 U.S. at 528.

10

## II. Standard Applied Here

### A. Russia as An Adequate Alternative Forum for this Dispute

Onischenko fails to meet his burden of showing that Russia is an adequate alternative forum for this dispute. In order to do so, he must show (1) he is amenable to process in Russia, and (2) the subject matter of TTDC's lawsuit is cognizable in Russia and provides TTDC with a redress. See Windt v. Qwest Commc'ns Int'l, Inc., No. 04-3026, 2006 WL 2987097, at *6 (D.N.J. Oct. 17, 2006). Although Onischenko satisfies the initial burden of making himself amenable to process in Russia, he has not met his burden with regard to the second prong. The only evidence Onischenko provides as to the adequacy of the forum is his own sworn affidavit and case law from other courts holding that Russia is an adequate alternative forum. (Dkt. entry no. 25, Pl. Br., at 16.) This information is not sufficient to allow the Court to determine whether Russian courts would permit litigation of the subject matter of this dispute or whether Russia offers a satisfactory remedy. See Lony, 886 F.2d at 633; cf. Kultur Int'l Films Ltd., 860 F.Supp. at 1060 (holding that England was an adequate forum based on defendant's "proffer on the relevant English law").

The Court finds that Onischenko's experience as an attorney trained and barred in the United States but working in Russia does not qualify him as an expert in Russian law, and Onischenko

11

admits as much.  (Dkt. entry no. 25, Def. Br., at 17); see Varnelo v. Eastwind Transp., Ltd., No. 02-2084, 2003 WL 230741, at *15 (S.D.N.Y. Feb. 3, 2003) (noting "adequacy of the foreign forum and the substance of any relevant foreign law is usually established through expert affidavits or declarations").  In Base Metal, the case Onischenko relies upon most, both parties provided extensive testimony from Russian legal experts.  Base Metal Trading Co. v. Russian Aluminum, 253 F.Supp.2d 681, 700-01 (S.D.N.Y. 2003); see Tarasevich v. Eastwind Transport, Ltd., No. 02-1806, 2003 WL 21692759, at *2 (S.D.N.Y July 21, 2003) (holding that an alternative forum existed based on affidavits from plaintiff's and defendant's experts).

Even if the Court were to find that Onischenko's affidavit is the equivalent of an expert report, it does not contain the requisite specificity and breadth necessary for this Court to make any findings as to the adequacy of the Russian courts for purposes of this dispute.  Onischenko's affidavit offers only one relevant sentence: "None of the relevant parties, witnesses or evidence are in the United States, and Russia's courts provide causes of action such as those brought against me now."  (Dkt. entry no. 5, Onischenko Decl., at ¶ 32.)  TTDC correctly argues that the record before the Court "is lacking of any competent, expert, substantive analysis of Russian law, claims, remedies or

jurisdiction with respect to the claims asserted here." (Dkt. entry no. 29, Pl. Br., at 17.)

This one sentence in Onischenko's affidavit is insufficient to meet his burden of showing that the subject matter of TTDC's action is cognizable in Russia and provides TTDC with redress. See Triple Crown Am., Inc. v. Biosynth AG, No. 96-7446, 1998 WL 227885, at *1 (E.D. Pa. April 30, 1998) (rejecting defendant's claim that Switzerland was the proper forum where there was "no mention in defendant's expert's affidavit . . . of the availability of meaningful remedies for the alleged conduct complained of by plaintiff"). Onischenko's affidavit is also distinguishable from the reports of defendants' experts in Base Metal, which identified the "provisions of the Russian Civil Code that supply causes of action analogous to those alleged in this proceeding." Base Metal, 253 F.Supp.2d at 700; see Kultur Int'l Films Ltd., 860 F.Supp. at 1064 (defendants "assessed each and every claim contained within [the] complaint" and asserted that an English court would provide redress for every claim).

Onischenko has also failed to meet his burden insofar as he relies upon decisions of the Southern District of New York and other courts, which have found Russia to be an adequate alternative forum. Not only are those cases factually distinguishable, as discussed supra, but other courts' decisions that Russia provided an adequate alternative forum are irrelevant

13

to the issue of whether Onischenko has met his burden of demonstrating Russia is an adequate alternative forum <u>for TTDC's claims in this action</u>.  See <u>Bhatnagar</u>, 52 F.3d at 1229 (rejecting defendant's argument that every other court considering the issue found that India provided an adequate alternative forum).  The Court notes that it "may well be that the next defendant to face the same issue faced by [Onischenko] would reach a different result because it would marshal more or better proof."  <u>Id.</u> at 1230.

The Court cannot conclude, based only upon Onischenko's affidavit and reliance upon other courts' decisions that Russia is an adequate alternative forum, that Russia provides an adequate alternative forum for resolution of TTDC's causes of action here.

**B.   Deference due to TTDC**

The Court finds that TTDC's choice of forum is entitled to significant deference, although not the level of deference owed to a domestic plaintiff, because of the evidence demonstrating that its decision was motivated by convenience.  <u>Compare</u> <u>Lony</u>, 886 F.2d at 634 (finding plaintiff's choice of forum most likely based on convenience and entitled it to full deference given to domestic plaintiffs, where foreign plaintiff sued in the defendant's home forum), <u>with</u> <u>Miller</u>, 380 F.Supp.2d at 451 (affording plaintiff's choice of forum a "small amount of

14

deference" where there was evidence crucial to plaintiff's claim in New Jersey but otherwise "scant evidence demonstrating Plaintiff's connection to the state of New Jersey"). The Court notes, however, that the motion to dismiss for <u>forum non conveniens</u> would still be denied if the Court were to accord little or no deference to TTDC's choice of forum, because Onischenko has not met his burden of showing that Russia is an adequate alternative forum, or even shown that Russia is the more convenient forum. <u>See</u> <u>Burke</u>, 969 F.Supp. at 929 (noting "even where the Court affords less deference to the foreign plaintiff's choice of forum, it remains the defendant's burden to show by a strong preponderance the convenience of the alternative forum").

After considering "the totality of circumstances supporting" TTDC's choice of forum, the Court finds that TTDC's choice of New Jersey as a forum for its dispute was motivated by convenience. <u>Norex Petroleum Ltd. v. Access Indus., Inc.</u>, 416 F.3d 146, 154 (2d Cir. 2005). This forum is convenient for TTDC because at the time of the filing of the complaint TTDC (1) was preparing to move its operations to the United States, (2) had already filed patent applications in the United States, and (3) intended to pursue negotiations with pharmaceutical companies in the United States. (Dkt. entry no. 10, DeShazo Supp. Decl., at ¶¶ 48-50; Compl., at ¶¶ 25-27.) Onischenko was aware of and assisted in TTDC's preparations to open an "operating company" in the United

15

States to further advance its work on the project.  (DeShazo Supp. Decl., at Ex. O2.)  The Court also finds that this forum is convenient for TTDC in light of the "regional proximity" between DeShazo's home state of Idaho and New Jersey, as compared to its proximity with Russia.  Burke, 969 F.Supp. at 929.

Onischenko's presence in New Jersey, his own legal advice to TTDC, and the relevant TTDC employment contracts further support the conclusion that TTDC chose this forum out of convenience and not "to vex, harass, or oppress" Onischenko.  Id. (citing Gulf Oil, 330 U.S. at 508).  Onischenko is a citizen of, and maintains a residence and office in, New Jersey.  (Compl., at ¶ 3, dkt. entry no. 3, DeShazo Decl., at Exs. 1 & 7.)  Moreover, the parties most likely anticipated litigation in the United States as opposed to Russia, as the employment contracts at issue are governed by New York Law.  Cf. Base Metal, 253 F.Supp.2d at 698 (noting lack of any "indication that the parties anticipated litigating in the United States or that the choice of this forum is based on true motives of convenience").  As legal counsel to TTDC, Onischenko advised against conducting any litigation in the Russian courts.  (Dkt. entry no. 10, DeShazo Supp. Decl., at ¶¶ 14-15.)

The Court therefore concludes that TTDC's choice of forum deserves significant deference and this deference further weighs against dismissal of the complaint.

### C. Private Interest Factors

Although the Court has concluded that defendant has not met his burden of showing Russia is an adequate alternative forum, nonetheless "for the sake of completeness we will discuss the other factors . . . to determine if we should dismiss the complaint for forum non conveniens." Durban v. Biocompatibles Int'l PLC, No. 97-6854, 1998 WL 551976, at *6 (E.D. Pa. Aug. 11, 1998).

In balancing the private interest factors, the Court finds that at most, "plaintiff's inconvenience to litigate abroad is roughly equal to the defendant's inconvenience to litigate in New Jersey." See Burke, 969 F.Supp. at 930. Although Onischenko argues that none of the relevant witnesses or evidence is located inside the United States, he does not identify which witnesses and evidence are available in Russia. Sabetsky currently lives in Stockholm (dkt. entry no. 5, Ex. 5, at ¶ 24), while the other two potential witnesses identified by Onischenko and who submitted affidavits also work and have citizenship in Sweden. (Id., Ex. 3, at ¶ 2 & Ex. 4, at ¶ 2). There is most likely relevant evidence in Russia as a result of the development of the project by TTDC and Sabetsky in that country. (See id., Ex. 5, at ¶ 24.) However, according to TTDC's allegations, Onischenko has taken much of that evidence out of TTDC's offices in Moscow,

17

so presumably he can produce it in his home federal vicinage. (See Pl. Br., at 24-25.)

Onischenko has not established "oppressiveness and vexation" to him "out of all proportion to plaintiff's convenience." Piper, 454 U.S. at 242. When a court finds that the balance of private interest factors is close to "equipoise" or even tipped toward the defendant, the court is constrained to conclude that the factors weigh in favor of retaining jurisdiction. Lony, 886 F.2d at 635. Accordingly, the Court concludes that the private interest factors here weigh in favor of retention of jurisdiction.

**D.   Public Interest Factors**

The Court finds that the balance of public interest factors does not compel dismissal of the complaint. Both Russia and New Jersey have connections to and an interest in this dispute. The "locus of the alleged culpable conduct" is in Russia to the extent it involves the development of the project and the demise of Onischenko's involvement in TTDC. Van Cauwenberghe, 486 U.S. at 528. (See Def. Br., at 24-25.) However, to the extent the dispute involves Onischenko's actions after his resignation from TTDC, the "locus of the alleged culpable conduct" is most likely in New Jersey, where Onischenko's residence and office are located. Van Cauwenberghe, 486 U.S. at 528. (See Pl. Br., at 26.)

18

Onischenko argues that this Court will need to apply Russian law to the dispute, and thus this weighs in favor of dismissal. However, this is not enough to compel dismissal of the complaint. The Court finds it unnecessary to determine whether Russian law would apply to TTDC's causes of action, because even if Russian law applied, that factor "is not compelling enough to nullify the plaintiff's choice of a legitimate forum." Burke, 969 F.Supp. at 931; see also Piper Aircraft Co., 454 U.S. at 260 n.29 (determining that need to apply foreign law is insufficient to justify dismissal when other factors demonstrate that chosen forum is appropriate); Hoffman v. Goberman, 420 F.2d 423, 427 (3d Cir. 1970) (concluding that mere fact that court must determine and apply foreign law does not justify dismissal, where case otherwise properly before court).

The Court finds that the balance of public interest factors does not compel dismissal of the complaint.

**CONCLUSION**

Onischenko has not met his burden of showing that Russia is an adequate alternative forum for this action.  TTDC's choice of forum is entitled to significant deference.  Onischenko has also failed to demonstrate that the balance of relevant private and public interest factors tips decidedly in favor of dismissal, and has not shown that the retention of jurisdiction will result in manifest injustice to him.  Accordingly, the Court will deny his motion.  An appropriate order will be issued separately.

                                                      s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge