**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TECHNOLOGY DEVELOPMENT COMPANY, LTD., et al., | CIVIL ACTION NO. 05-4282 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. | |
| MICHAEL ONISCHENKO, | |
| Defendant. | |

**COOPER, District Judge**

Plaintiffs, The Technology Development Company, Ltd., TTDC BIO US LLC, and TTDC BIO US LP (collectively, "plaintiffs") brought this action against Michael Onischenko ("Onischenko"). (Dkt. entry no. 21, Am. Compl.)  Plaintiffs assert claims against Onischenko for, inter alia, (1) breach of contract, (2) breach of fiduciary duty, (3) tortious interference with contract and prospective economic advantage, (4) conversion and theft, and (5) legal malpractice. (Id. at 13-29.)  Onischenko now moves to dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 41(b) for failure to prosecute the action. (Dkt. entry no. 55, Mot. to Dismiss.)  Plaintiffs oppose the motion. (Dkt. entry no. 58, Pls. Br.)  The Court determines the motion on briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will deny the motion to dismiss for failure to prosecute the action.

**BACKGROUND**

The Court issued a Pretrial Scheduling Order on July 17, 2007 ("7-17-07 Scheduling Order"). (Dkt. entry no. 45, 7-17-07 Scheduling Order.) The 7-17-07 Scheduling Order set the fact discovery deadline at August 29, 2008. (Id.) At a Status Conference, held on July 17, 2008, the Court was advised that there were no discovery issues and ordered that the "discovery deadlines remain in effect and there will be no extensions." (Dkt. entry no. 48, 7-17-08 Order.) Plaintiffs' counsel withdrew from representation on August 5, 2008, and plaintiffs were given until September 4, 2008 to retain new counsel ("8-5-08 Order"). (Dkt. entry no. 50, 8-5-08 Order.) Prior to the deadline for retaining new counsel, plaintiffs requested an extension of time in which to obtain new counsel, which the Court granted ("9-9-08 Order"). (Dkt. entry no. 52, 9-9-08 Order.) Plaintiffs' request for an extension was inadvertently not served on Onischenko. (Pls. Br. at 15-17.) On October 6, 2008, the deadline set by the 9-9-08 Order, plaintiffs' new counsel entered his appearance. (Dkt. entry no. 53, Not. of Appearance.)

Plaintiffs served their first set of discovery requests on July 30, 2008. (Pls. Br. at 9; dkt. entry no. 59, 3d Decl. Thomas A. DeShazo, Ex. 5, 6.) Onischenko served his first set of discovery requests on August 4, 2008. (Pls. Br. at 10; 3d Decl. Thomas A. DeShazo, Ex. 7.) Onischenko responded to plaintiffs'

2

discovery requests on September 2, 2008.  (Dkt. entry no. 55, Decl. Frederick L. Whitmer at 1.)  Plaintiffs have not responded to Onischenko's discovery requests, stating that the requests were untimely since their responses were due after the August 29, 2008 discovery deadline.  (Pls. Br. at 9-10.)  Plaintiffs served their expert report on Onischenko in accordance with the deadline set in the 7-17-07 Scheduling Order.  (Pls. Br. at 7; see also dkt. entry no. 54, Decl. Hal R. Lieberman.)

Onischenko now moves to dismiss the Complaint under Rule 41(b) for failure to prosecute the action based on plaintiffs' failure to (1) timely obey the Court's order to retain new counsel, (2) respond to Onischenko's discovery requests, and (3) "take any action in furtherance of their claims."  (Dkt. entry no. 55, Onischenko Br. at 4.)  Plaintiffs oppose the motion.  (Pls. Br.)

**DISCUSSION**

**I.   Legal Standard**

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed.R.Civ.P. 41(b).  In addressing a motion to dismiss the Complaint under Rule 41(b), the Court must balance:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the
>     failure to meet scheduling orders and respond to
>     discovery; (3) a history of dilatoriness; (4) whether

> the conduct of the party or the attorney was <u>willful</u> or in <u>bad faith</u>; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of <u>alternative sanctions</u>; and (6) the <u>meritoriousness</u> of the claim or defense.

<u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984). The Court must evaluate each of the six factors, and may dismiss a complaint even if not all factors favor dismissal. <u>Hoxworth v. Blinder, Robinson & Co., Inc.</u>, 980 F.2d 912, 919 (3d Cir. 1992); <u>Opta Sys., LLC v. Daewoo Elecs. Am.</u>, 483 F.Supp.2d 400, 404 (D.N.J. 2007). "Dismissal must be a sanction of last, not first, resort." <u>Poulis</u>, 747 F.2d at 869.

**II. Application of the Legal Standard**

Onischenko argues that the <u>Poulis</u> factors warrant dismissal. (Onischenko Br. at 4-6.) Onischenko asserts that plaintiffs delayed in retaining new counsel and failed to respond to his discovery requests. (<u>Id.</u> at 4.) He argues that the delays are attributable to plaintiffs and demonstrate bad faith. (<u>Id.</u> at 4-5.) Also, Onischenko contends that he has been prejudiced by plaintiffs' dilatoriness because their claims seek monetary damages and injunctive relief, both of which implicate his business activities. (<u>Id.</u> at 5.) Further, Onischenko asserts his ability to defend against plaintiffs' claims has been prejudiced by plaintiffs' failure to respond to his discovery requests. (<u>Id.</u>) Onischenko argues that lesser sanctions are not appropriate, and plaintiffs' claims are meritless. (<u>Id.</u> at 6.)

4

Plaintiffs argue that they have not failed to prosecute this action and have complied with every deadline set forth in the 7-17-07 Scheduling Order. (Pls. Br. at 7.) Plaintiffs assert that they were not dilatory in retaining new counsel, but diligently worked to find new counsel within the time period allowed by the Court. (Id. at 14-15.) Plaintiffs also argue that they did not respond to Onischenko's discovery requests because the requests were untimely served. (Id. at 9-10.)

The Court finds that the Poulis factors weigh against dismissal of the Complaint. The first Poulis factor - extent of the party's personal responsibility for the delay - does not favor dismissal. Plaintiffs timely requested and were granted a one-month extension in which to obtain new counsel. (9-9-08 Order.) Plaintiffs then retained new counsel before the expiration of the new deadline. (Not. of Appearance.) Thus, plaintiffs did not fail to comply with the Court's orders setting deadlines by which to obtain new counsel.

Delay in obtaining plaintiffs' discovery responses is attributable to Onischenko, not the plaintiffs. Onischenko did not serve plaintiffs with his first set of discovery requests until August 4, 2008, fewer than thirty days before the August 29, 2008 discovery deadline set in the Court's 7-17-07 Scheduling Order. (See Pls. Br. at 10; 7-17-07 Scheduling Order.) Onischenko had over one year in which to timely serve his

discovery requests, but he chose not to do so. (See 7-17-07 Scheduling Order.) See Whitman v. Proconex, Inc., No. 08-2667, 2009 WL 113740, at *4 (E.D. Pa. Jan. 14, 2009) (stating that absent a stipulation between the parties, discovery requests "must be served at least thirty days prior to completion of discovery deadline" (quotation and citation omitted)); see also Thomas v. Pacificorp, 324 F.3d 1176, 1179 (10th Cir. 2003) (noting that discovery requests served fewer than thirty days before discovery deadline are untimely). Further, Onischenko had ample opportunity, including the July 2008 Status Conference, to raise discovery issues, but he chose not to do so. (See 7-17-08 Order ("The Court having been advised that there are no discovery issues . . . .").) Nor did Onischenko request an extension of the discovery deadline. Because Onischenko's discovery requests were untimely, plaintiffs were not compelled to respond, and any delay is attributable to Onischenko, not the plaintiffs. See Whitman, 2009 WL 113740, at *4 ("Where a party propounds untimely discovery requests, the other party will not be compelled to respond, except in the Court's discretion."); see also Nesselrotte v. Allegheny Energy, Inc., No. 06-1390, 2008 WL 1925107, at *2-*3 (W.D. Pa. Apr. 30, 2008) (denying plaintiff's motion to compel discovery responses where the discovery requests were untimely served); Williams v. Little Rock Mun. Water Works, 155 F.R.D. 188, 189 (E.D. Ark. 1993) (denying motion to compel

discovery responses where discovery requests were not served in time for the responses to be due before discovery deadline), aff'd, 21 F.3d 218 (8th Cir. 1994).

The second Poulis factor, prejudice to the adversary, does not favor dismissal. Here, Onischenko was not prejudiced by the one-month extension plaintiffs received in which to retain new counsel. Further, any prejudice to Onischenko from not obtaining plaintiffs' discovery responses was caused by his own failure to meet deadlines set out in the Court's 7-17-07 Scheduling Order, not by any failure on plaintiffs' part. See Poulis, 747 F.2d at 868 (explaining this factor as prejudice to a party caused by the adversary's conduct). Here, Onischenko was prejudiced by his own conduct, not by his adversary's conduct.

The third Poulis factor, a history of dilatoriness, also weighs against dismissal. A history of dilatoriness involves extensive or repeated delay or delinquency. Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). Plaintiffs have not exhibited a history of dilatoriness with respect to this litigation. Plaintiffs timely served their discovery requests on Onischenko. (See Pls. Br. at 8-9; 3d Decl. Thomas A. DeShazo, Ex. 5, 6.) Plaintiffs properly requested an extension from the Court when they could not retain new counsel within the initial time frame in the Court's 8-5-08 Order. (9-9-08 Order.) See Poulis, 747 F.2d at 868 (stating

7

that a party should make a timely request for an extension when compliance with the court's order is not feasible). Plaintiffs then met the extended deadline and obtained new counsel in compliance with the 9-9-08 Order. (See Not. of Appearance.) Plaintiffs also timely served their expert report. (See Pls. Br. at 7.)

The fourth Poulis factor, willfulness or bad faith, does not favor dismissal. Onischenko argues that plaintiffs' bad faith is illustrated by their history of dilatoriness. (Onischenko Br. at 5.) The Court, however, found that plaintiffs have not engaged in a pattern of dilatory conduct. Thus, this factor does not warrant dismissal.

The fifth Poulis factor - effectiveness of alternative sanctions - does not favor dismissal. Here, plaintiffs have neither failed to comply with the Court's orders, nor failed to respond to timely served discovery requests. See Poulis, 747 F.2d at 869 (recognizing court's power to impose sanctions for unjustified failure to comply with discovery orders or pretrial orders). Thus, it appears that no sanctions, including lesser alternative sanctions, against plaintiffs are warranted.

The final Poulis factor, meritoriousness of the claim, weighs against dismissal. A claim is meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 870. Here,

8

plaintiffs' claims are meritorious because plaintiffs' allegations in the Amended Complaint would support recovery if established at trial. Thus, the Court concludes that the balance of the <u>Poulis</u> factors does not support dismissal of the Complaint.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will deny the motion to dismiss for failure to prosecute the action. The Court will issue an appropriate order.

                                                      s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated: February 9, 2009