## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| TECHNOLOGY DEVELOPMENT | : | Civil Action No. 05-4282 (MLC) |
| COMPANY LTD., et al., | : | |
| | : | |
| Plaintiffs, | : | **ORDER AND OPINION ON PLAINTIFFS'** |
| | : | **MOTION TO COMPEL** |
| v. | : | |
| | : | |
| MICHAEL ONISCHENKO, | : | |
| | : | |
| Defendant. | : | |

This matter has come before the Court on motion of Plaintiffs, The Technology

Development Company Ltd., TTDC Bio US LLC, and TTDC Bio US LP ("Plaintiffs"), to

compel the production of documents by Defendant Michael Onischenko ("Defendant").  [Docket

Entry No. 93].  Defendant has opposed the motion by letter dated September 21, 2009, and

Plaintiffs filed a reply. [Docket Entry No. 95].  For the reasons set forth below, the motion is

denied.

## I.      RELEVANT BACKGROUND

The Complaint was originally filed on September 1, 2005, more than four years ago

[Docket Entry No. 1], but discovery was delayed due to pending motions and an appeal.  An

initial scheduling conference was conducted on July 17, 2007, and a Pretrial Scheduling Order

issued on that same date, after which discovery commenced. [Docket Entry No. 45].  In

accordance with that Pretrial Scheduling Order, all fact discovery was scheduled to be completed

by August 29, 2008.  Although there have been subsequent scheduling orders, the deadline for

completion of fact discovery has not been extended. The revised Pretrial Scheduling Order entered on July 21, 2008 expressly provides that "'[t]he discovery deadlines remain in effect and there will be no extensions." [Docket Entry No. 48].

The Court conducted telephonic conferences on April 30, 2009 and May 21, 2009. Notably, in correspondence to the Court and during these telephonic conferences, counsel for Plaintiffs repeatedly asserted that discovery was closed and should not be re-opened.

On June 26, 2009, the Court conducted another telephonic conference and discovery was discussed at length. During the call, counsel for Defendant requested leave to depose a representative of Plaintiffs, Mr. DeShazo. In response, Plaintiffs' counsel protested that allowing the deposition to go forward would prejudice Plaintiffs, given that they had not deposed Defendant, and that if Defendant were allowed to depose Mr. DeShazo, Plaintiffs should be allowed to depose Defendant. Plaintiffs' counsel also raised the issue of Defendant's allegedly delinquent responses to their discovery demands that counsel represented had been outstanding for more than a year. In response to the Court's inquiry, Plaintiffs' counsel confirmed that he had not taken action with regard to the discovery demands served, either to meet and confer or to seek to compel the production of the requested documents. Nonetheless, during the June 26, 2009 telephonic conference, counsel for Defendant indicated that he would make certain documents available. As is evidenced by the Order entered on June 26, 2009 ("June 26 Order"), the Court allowed each side to depose the witness that had been discussed during the call. Further, the Court ordered that no additional discovery would be allowed, other than what the parties might agree to exchange.

Plaintiffs appealed the June 26 Order to the extent that it allowed depositions. In the

2

Notice of Appeal, Plaintiffs contended that "there was no showing of good cause to reopen discovery." [Docket Entry No. 87].  Plaintiffs did not appeal the portion of the June 26 Order which held that there would be no further fact discovery, other than as agreed upon by the parties. Plaintiffs' appeal was denied on August 10, 2009.  [Docket Entry No. 92].

## II.    PRESENT MOTION

By the present motion, Plaintiffs seek to re-open discovery to allow them to delve into the employment and business relations of Defendant.  [Docket Entry No. 93].  Plaintiffs contend that Defendant never responded to their written requests, served over a year ago, and seek an order compelling a response.  Plaintiffs also argue that Defendant did not provide the documents that counsel represented would be produced following the June 26, 2009 telephonic conference, and ask the Court to order Defendant to produce those documents as well.

Defendant raises several arguments in opposition to the motion to compel discovery. First, Defendant asserts that he did  serve objections to Plaintiffs' written discovery requests. Although counsel certifies in support of the motion that "[n]o response [to Plaintiffs' interrogatories] has been served on the Plaintiffs by Defendant" [Docket Entry No. 93-3 ¶3], on reply, Plaintiffs concede that Defendant did in fact respond but then argue that the objections were not served within the time provided by the rules, and "[c]onsequently, any objections to the requests were waived." [Docket Entry No. 95].  The Court is not persuaded.  It is clear that Defendant served objections, albeit late, and Plaintiffs had ample time to follow up on those objections by meeting and conferring with Defendant, and if necessary, by seeking leave to file a motion to compel within the discovery period.  Not only has the discovery period now closed, but it is Plaintiffs themselves who have argued vigorously against re-opening it.  Plaintiffs should not

3

now be allowed to change course and seek additional discovery from Defendant.

Defendant also responds that he produced those documents that he had in his possession, as promised during the June 26, 2009 telephonic conference.  Defendant further represents that he does not have the documents Plaintiffs now request, with regard to Defendant's subsequent employment and business ventures.  Plaintiffs do not contradict Defendant's assertion, other than to challenge whether it is credible and to contend that Defendant could obtain the documents sought if he tried.  Plaintiffs have not established that Defendant has the burden of obtaining those documents from a third party in order to produce them if he does not have them in his possession, custody or control.  In light of Defendant's assertions and Plaintiffs' failure to rebut them, the Court is not persuaded that discovery should be re-opened.

Additionally, the motion itself is defective on its face.  L. Civ. R. 37.1 requires that the parties meet and confer prior to filing any discovery motion.  The Pretrial Scheduling Order dated July 17, 2007 sets forth a similar obligation, providing that the Court will not entertain a discovery motion unless the parties have fully complied with the Local Civil Rules.  Not only have Plaintiffs failed to show that they have satisfied this obligation, but the contrary is true. Plaintiffs' counsel asserts that due to his travel plans, "it has not been possible to meet and confer with opposing counsel prior to the filing of the Plaintiffs' motion to compel."  Seiniger Decl. ¶19.  The Local Civil Rules are not optional; a party is not at liberty to ignore or avoid compliance because of other obligations.

Plaintiffs' claim that they could not meet and confer because of counsel's travel schedule also raises the issue of the role of local counsel in this case.  Current counsel for Plaintiffs, William Breck Seiniger, Esq., first appeared in this case in November 26, 2008, and his *pro hac*

4

*vice* admission was granted on December 1, 2008.  [Docket Entry Nos. 71, 74].  The *pro hac vice* motion was supported by the Certification of Greg Prosmushkin, Esq., who represented that he was a member of the bar of the State of New Jersey, and that he would comply with L. Civ. R. 101.1(c), which governs the *pro hac vice* admission of counsel.  [Docket Entry No. 71-2].  Mr. Seiniger's own certification similarly provides that he agrees to abide by the rules of this District, and that local counsel of record would sign all pleadings. [Docket Entry No. 71-3].  This Court's Order of *pro hac vice* admission [Docket Entry No. 74] mirrors the Local Civil Rule in requiring that all pleadings be signed by counsel admitted to practice in this District.  Notably, the name of local counsel — Greg Prosmushkin — does not appear anywhere in the motion papers and it is unclear what if any role he played in the preparation or filing of the motion.  It is, however, clear that local counsel did not sign the pleadings.  The fact that neither *pro hac vice* counsel nor local counsel made an effort to resolve this discovery dispute cannot be ignored.

## III.   CONCLUSION

In sum, the Court denies the motion to compel for a variety of reasons: discovery has long since closed and Plaintiffs have repeatedly argued that it should not be re-opened; the June 26 Order provides that there is to be no further discovery other than as provided in that Order, and Plaintiffs did not appeal that portion of the Order; Defendant has stated that he provided the documents he agreed to provide and does not have the remaining documents sought in his possession, custody or control; and the motion fails to conform to the Local Civil Rules and prior orders of the Court, in that counsel did not meet and confer, nor did local counsel sign the pleadings.

For the foregoing reasons, and the Court having considered this matter pursuant to Fed.

5

R. Civ. P. 78, and for good cause shown,

       **IT IS on the 5<u>th</u> day of <u>October, 2009</u>**,

       **ORDERED** that Plaintiffs' motion to compel discovery [Docket Entry No. 93] be and it

hereby is **DENIED**; and it is further

       **ORDERED** that the Clerk's office shall terminate Docket Entry No. 93.

                      <u>s/ Lois H. Goodman    </u>
                      **HONORABLE LOIS H. GOODMAN**
                      **UNITED STATES MAGISTRATE JUDGE**